```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
FORTHILL CONSTRUCTION CORP., MARTIN
McKERNAN, and MARGARET McKERNAN,

                    Plaintiffs,                    ORDER ADOPTING REPORT
                                                   AND RECOMMENDATION
         - against -
                                                   No. 17-CV-5367 (CS) (LMS)
BLUE ACQUISITION, LLC,

                    Defendant.
-----------------------------------------------------------------------x
```
Seibel, J.

Before the Court are Plaintiffs' Objections, (Doc. 92), to the Report and Recommendation of Magistrate Judge Lisa Margaret Smith dated January 28, 2020, (Doc. 91 (the "R&R")), recommending that Plaintiffs be awarded damages of $1,435,325.67, plus post-judgment interest, upon Defendant's default. Familiarity with prior proceedings in the case, as well as the R&R, is presumed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).

"A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). The court must review *de novo* any portion of the report to which a specific objection is made. 28 U.S.C. § 636(b)(1)(C); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "[W]hen a party makes conclusory or general objections, or simply reiterates [the] original arguments," a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Magistrate Judge Smith recommended that Plaintiffs' request for damages from Defendant's violation of New York's Uniform Commercial Code ("UCC") be granted as to losses arising from Plaintiffs' default on a loan from Dime Community Bank, but denied as to Plaintiffs' lost profits and lost salary, which Plaintiffs argued would have accrued had Defendant's UCC violation not essentially put Plaintiffs' company out of business. She found both that consequential damages are not available per UCC § 9-625, and even if they were, Plaintiffs had not shown those damages with reasonable certainty, because they provided inadequate explanations as to how the evidence supported their numbers. Plaintiffs object to the R&R insofar as it recommended denial of the lost profits and lost salary, and I therefore review those issues *de novo*.

When the non-breaching party suffers a loss of profits (or, presumably, salary) in "collateral business arrangements" – in other words, business dealings with persons or entities

2

other than the breaching party – those lost profits constitute consequential damages. *Tractabel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 109 (2d Cir. 2007); *see Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 650 F. Supp. 2d 314, 322 (S.D.N.Y. 2009). Plaintiffs argue that the profits that Forthill Construction Corp. would have made providing services to third parties, and the salary Plaintiff Martin McKernan would have earned as president of the company, are consequential damages that UCC § 9-625 permits them to collect, (Doc. 92 at 1-2), but in doing so they rely on authority they never presented to Judge Smith, *see, e.g., Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (district court will not entertain arguments that could have been presented to Magistrate Judge but were not) (collecting cases).

In any event, the only case on point – *Hales v. HSBC Bank USA, N.A.*, No. 07-CV-514, 2008 WL 11435681, at *5 (S.D.N.Y. June 10, 2008) – holds, as Plaintiffs acknowledge, (Doc. 92 at 1), that consequential damages (in that case, investment profits the plaintiff could have realized) are not available under § 9-625. *Lambe v. Kahlon*, No. 13-CV-3126, 2014 WL 4802993, at *4 (E.D.N.Y. Sept. 23, 2014), which Plaintiffs suggest supports their position, (Doc. 92 at 1-2), merely rejected the defendant's argument that there is no cause of action for unauthorized filing of a UCC statement; it did not discuss whether or not consequential damages could be recovered for such a violation. Likewise, *Gallery Seomi v. Sotheby's, Inc.*, on which Plaintiffs also rely, (Doc. 92 at 2), simply notes that the comment to UCC § 9-625 says that damages for violations of UCC Article 9 "'are those reasonably calculated to put an eligible claimant in the position it would have occupied had no violation occurred.'" 27 Misc. 3d 1231(A), 2010 WL 2293182, at *4 (N.Y. Sup. Ct. Apr. 27, 2010) (quoting UCC § 9-625 cmt.

3). But that is only part of the story. The comment cited in *Gallery Seomi* refers to UCC § 1-106, which in 2014 was re-codified at UCC § 1-305. Section 1-305(a) reads: "The remedies provided by this act must be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special damages nor penal damages may be had except as specifically provided in this act or by other rule of law." Consequential damages are thus specifically carved out of the damages available under the UCC absent a specific provision authorizing them, which Plaintiffs do not contend exists here. The cases cited by Plaintiffs thus do not support an award of consequential damages, and, if anything, confirm that such damages should not be awarded.

Because consequential damages are not appropriate, I need not reach the question of whether Plaintiffs adequately documented such damages. I tend to agree with Judge Smith, however, that Plaintiffs' submissions did not establish with reasonable certainty what kind of profits the company would have made in the years after the violation. Plaintiffs argue that the company was profitable in the years 2014-2016, but given the fluctuation in its profits (for example, profits of $105,232 on gross receipts of $3,662,957 in 2014 versus profits of only $70,909 on gross receipts of $13,375,170 in 2016), and the inherent unpredictability of how many and which bids the company would have won, its profits and its economic fortunes (and concomitantly how much it would have paid Plaintiff Martin McKernan as its president) absent the violation remain essentially speculative.

Accordingly, it is hereby ORDERED that the R&R is adopted as the decision of the Court. The Clerk of Court is respectfully directed to enter judgment for Plaintiffs in the amount of $1,435,325.67, plus post-judgment interest in accordance with 28 U.S.C. § 1961, and thereafter close the case.

**SO ORDERED.**

Dated: February 27, 2020
       White Plains, New York

                                                            CATHY SEIBEL, U.S.D.J.